# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARY L. HOLMES | § | |
| | § | |
| V. | § | 4:05-CV-00455 |
| | § | (Judge Schell/Judge Bush) |
| Commissioner of Social | § | |
| Security Administration | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff originally filed an application for DIB in April 2001, claiming to be disabled since June 18, 1998. A prior application had previously been denied. Plaintiff's date last insured for Title II purposes was September 30, 2003. Plaintiff was born in 1952. Plaintiff completed twelfth grade and one year of college. She attended regular classes. The Social Security Administration denied Plaintiff's applications at the initial reconsideration levels after it was determined that Plaintiff was capable of performing work activity.

Plaintiff was represented by an attorney at the December 9, 2002, hearing. Plaintiff and a vocational expert ("VE") testified. The ALJ issued an unfavorable decision on January 29, 2003. The ALJ determined that Plaintiff had severe physical and mental impairments. Plaintiff's medically determinable impairments did not meet or equal any listing. Plaintiff lacked the residual functional capacity to perform a full range of light work. Plaintiff's capacity to perform light work was reduced

by the requirement for a climate controlled work environment reasonably free of noxious fumes, dust, smoke and lint; access to inhalers as needed; a low stress work environment; simple, repetitive job instructions; no customer service and no overhead reaching with the left upper extremity. Plaintiff was limited to reading simple, rote words. The ALJ determined that Plaintiff was unable to perform her past relevant work as a taxi driver, counter cashier, checker/cashier, and retail cashier. Plaintiff's past relevant work was semiskilled.

The VE identified unskilled light exertional level occupations that an individual with the same age, education, vocational history, and exertional and nonexertional limitations could perform: collator/operator and mail clerk. The ALJ considered the VE testimony and determined that there were a significant number of jobs in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff was "capable of making a successful adjustment to work which exists in significant numbers in the national economy." Accordingly, Plaintiff's applications were denied at step five of the sequential evaluation process. The Appeals Council denied Plaintiff's request for review on September 23, 2005. Plaintiff has sought judicial review of the ALJ decision.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on June 18, 1998, the date the claimant stated she became unable to work, and she continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since June 18, 1998.

3. The medical evidence establishes that the claimant has non-insulin dependent diabetes mellitus, psoriasis and tension headaches, but these impairments,

considered both singly and in combination, constitute only a slight abnormality having such minimal effect on her that they would not be expected to interfere with her ability to work, regardless of her age, education or work experience, therefore, the claimant's non-insulin dependent diabetes mellitus, psoriasis and tension headaches are non-severe impairments. *See* 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1), 416.921, 404.1523, 416.923; *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

4. The claimant has severe asthma, dysthymia with a history of major depressive order, personality disorder, posttraumatic stress disorder, obesity, and a history of frozen shoulder, but she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

5. The claimant has alleged pain and weakness and that she cannot work as a result of her symptomatology. The credible medical and other evidence, however, establish that the claimant has had a residual functional capacity for restricted light work activity at all times relevant to this decision, and claimant's testimony is found credible in supporting symptomatology only to that extent.

6. The claimant has the residual functional capacity to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently as well as stand, walk, and sit about six hours each out of an eight-hour workday. *See* 20 C.F.R. §§ 404.1545 and 416.945.

7. The claimant is unable to perform her past relevant work as a taxi driver, counter cashier, checker/cashier and retail cashier.

8. The claimant's residual functional capacity for the full range of light work is reduced by the requirement of a climate controlled work environment reasonably free of noxious fumes, dust, smoke and lint; access to inhalers as needed; a low stress work environment; simple, repetitive job instructions; no customer service and no overhead reaching with the left upper extremity. Additionally, the claimant is limited to reading and writing simple, rote words.

9. The claimant is 50-years-old, which is defined as an individual closely approaching advanced age. 20 C.F.R. §§ 404.1563 and 416.963.

10. The claimant has a twelfth grade education, which is defined as a high school education. 20 C.F.R. §§ 404.1564 and 416.964.

11. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material. 20 C.F.R. §§ 404.1568 and

        416.968.

12.    Based on an exertional capacity for light work, and the claimant's age, education and work experience, section 404.1569 of Regulations No. 4, section 416.969 of Regulations No. 16 and Rules 202.14 and 202.21, Table No. 2, Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion of "not disabled."

13.    Although the claimant's additional nonexertional limitations do not allow her to perform the full range of light work, using the above-cited rules as a framework for decision making, there are a significant number of jobs in the national economy which she could perform. Examples of such jobs are: collator/operator, of which there are 700 such jobs in Texas and 10,000 in the U.S.; and mail clerk, of which there are 2,800 such jobs in Texas and 50,000 in the U.S. Therefore, these jobs exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1568 and 416.968.

14.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

(TR 38-39).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether there is substantial evidence in the record as a whole to support the Commissioner's decision, and whether proper legal standards were used in evaluating the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401. Even if a court should determine that the evidence preponderates in the claimant's favor, a court must still affirm the Commissioner's findings if there is substantial evidence to support these findings. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).

An individual is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Although the burden of production shifts to the Commissioner at step five, the Commissioner can meet the burden of showing the existence of jobs by pointing to vocational expert testimony obtained at the hearing. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988); *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). Once the Commissioner identifies adequate potential alternative employment, the burden shifts back to the Plaintiff to prove that she is unable to perform the alternate work. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987); *see also Perez v. Barnhart*, 415 F.2d 457, 461 (5th Cir. 2005) ("Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding") (quoting *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment

5

that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

## ANALYSIS

The hypothetical question posed to the VE incorporated the functional limitations recognized by the ALJ (Tr. 408-409). *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The VE identified unskilled, light jobs that an individual with the same age, education, vocational history, and the specified exertional and nonexertional limitations could perform: collator/operator (700 Texas; over 10,000 nation); and mail clerk (2,800 Texas; over 50,000 nation) (Tr. 409-410, 39). When queried by the ALJ, the VE testified that there were no conflicts between the descriptions of these types of jobs contained the *Dictionary of Occupational Titles* ("DOT") and the specified restrictions. The ALJ considered the VE testimony and determined that there were a significant number of jobs in the national economy that Plaintiff could perform.

Plaintiff claims that there is a conflict with the ALJ's finding that Plaintiff is limited to simple repetitive job instructions and the DOT guidelines for a mail clerk. Plaintiff contends that the DOT guidelines of reasoning level three involve more than "simple" tasks. Perfection is not required in a hearing of this type, only fairness and a decision supported with evidence. The only ground raised is that there is a conflict between the ALJ's finding and the DOT guidelines (and VE testimony). At the hearing, Plaintiff was represented by experienced and competent counsel. The Court finds that any discrepancy should have been raised with the ALJ and the VE at that time and that failure to do so forecloses further consideration. *See Perez v. Barnhart*, 415 f.3d 457 (5th Cir.

6

2005). The appropriate forum for "laying all the cards on the table" is at the ALJ hearing, not holding a "trumpcard" for this Court's review.

In any event, the DOT "lists maximum requirements of occupations as generally performed." Social Security Ruling (SSR) 00-4 (2000). The DOT indicates that, with respect to general education development (GED), this mail clerk position has a reasoning development level of three. DOT at 181. A reasoning development level of three corresponds to an ability to "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form; and deal with problems involving several concrete variables in or from standardized situations." The vocational expert testified that there was no conflict between the restrictions specified and the DOT. The restriction to "simple, repetitive job instructions" is consistent with the words "commonsense" and "standardized" contained in definition of the level three reasoning development. One definition of the word "simple" is "not involved or complicated." *The American Heritage Dictionary*, 763 (3rd ed. 1994). This is consistent with the word "commonsense" contained in the definition of level 3 reasoning development. The word "repetitive" in the RFC determination is consistent with the word "standardized" in the definition of level three reasoning development. There is no apparent conflict between the restriction to simple, repetitive job instructions and the fact that the DOT specifies a reasoning development level of three.

Plaintiff in the instant case has completed high school and one year of college. Plaintiff attempts to establish a conflict based on the fact that the DOT specifies a reasoning development level of three, within the reasoning development division of the GED scale. The Court does not find as great a distinction as advocated by the Plaintiff.

The Court finds that the Commissioner's decision should be affirmed.

**RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Commissioner be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 23rd day of January, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE